THE PORTO RICO COAL COMPANY, DEMANDANTE Y APELANTE, *v.* SOBRINOS DE EZQUIAGA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre confesoria de servidumbre.

No. 2252.—Resuelto en junio 17, 1921.

SERVIDUMBRE DE VÍA—MODIFICACIÓN DE SERVIDUMBRE.—El tercero que compra una propiedad sujeta a una servidumbre que se halla inscrita en el registro de la propiedad está obligado sólo por los términos de tal inscripción, y en el

caso particular de una servidumbre para establecer un ramal de vía férrea no está obligado dicho comprador a examinar una vía férrea que se encuentra en la inmediata vecindad para inferir de la presencia de un desvío en dicha línea la existencia de una modificación de la servidumbre.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Chas. Hartzell* y *F. Ramírez de Arellano.*

Abogado de la apelada: *Sr. E. Acuña.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La demandada adquirió cierta propiedad sujeta a una servidumbre predial inscrita en el registro de la propiedad y procedió a edificar un tanque metálico y otras construcciones en la misma.

La demandante entabló entonces una acción para establecer la existencia y restringir la usurpación de una servidumbre que aparentemente se consideró que en substancia era la misma que ya había sido inscrita en el registro, pero que se describía como modificada en cuanto a su sitio en el terreno por virtud de un subsiguiente acuerdo o convenio entre las partes al primitivo contrato.

Formulada excepción previa a la demanda por el fundamento de no aducir ésta hechos bastantes a determinar una causa de acción, fué declarada con lugar por la corte inferior y la demandante interpone apelación contra la sentencia que desestima la demanda.

Las alegaciones pertinentes a la cuestión que ha sido sometida a nuestra consideración son las siguientes:

"Quinto: Que por escritura número 223 de fecha 3 de diciembre de 1912, don José D. Riera y Cifuentes, don Wenceslao Bosch y Puig, y don Luis Sánchez Morales, dueños anteriores de la finca propiedad hoy de la demandante, otorgaron un contrato sobre segregación, venta e hipoteca de inmueble, y constitución de servidumbre, en virtud del cual los primeros vendieron a la mercantil 'Carlos Cid & Compañía,' la finca descrita en la alegación cuarta de esta de-

manda, que segregaron de la finca descrita en el hecho tercero de esta misma demanda y al propio tiempo constituyeron servidumbres respectivas a favor de ambos inmuebles, inscribiéndose dichas servidumbres respectivas a favor de ambos inmuebles, inscribiéndose dichas servidumbres en el registro de la propiedad, a folios 233 y 190 de los tomos 5º o 6º de Puerta de Tierra.

"Sexto: Que la servidumbre constituída por la escritura mencionada sobre el inmueble propiedad de la demandada y a favor del inmueble, propiedad de la demandante, se consignó en dicha escritura, y en el registro de la propiedad, en esta forma:

" 'Don Carlos Cid y Gallego, en su mencionado carácter de gestor de la mercantil "Carlos Cid y Compañía," constituye una servidumbre predial, positiva, discontinua, sobre el inmueble de mil setecientos metros que adquiere por esta escritura y a favor del inmueble descrito en el precedente primero de este contrato.'

" 'Dicha servidumbre consistirá en la instalación en el predio sirviente de un ramal de vía férrea que una a éste con la vía general de la American Railroad Company of Porto Rico, para ser usado por ambos predios y recorrerá toda la colindancia este del predio sirviente a terminar en la colindancia sureste de dicho prodio.'

" 'Es convenido entre las partes que las servidumbres establecidas en las dos estipulaciones precedentes, tienen el carácter de perpetuas y reconocen por causa el beneficio que derivan entre sí por sus respectivas constituciones.'

"Séptimo: Que la servidumbre establecida como ya se ha dicho, fué modificada por las mismas partes que la constituyeron, en el sentido de trazar el ramal de vía que según la escritura de constitución, recorrería toda la colindancia este del predio sirviente hasta terminar en la colindancia sureste del mismo, unos metros hacia el oeste, a cuyo efecto se colocó en la línea principal de la American Railroad Company, que va de este a oeste, un desvío o *switch*, vulgarmente denominado 'rana' la que en su emplazamiento, indicaba el punto de partida de la vía que integra la servidumbre modificada, y en su curvatura la dirección y radio del arco a describir, a los efectos de penetrar en el predio dominante volviendo a aproximarse a la colindancia este de la calle de San Andrés, digo, cerca de la calle de San Andrés.

"Octavo: Que la demandada, no obstante la referida servidumbre así modificada, y a espaldas, sin el consentimiento y en contra de las observaciones de los anteriores dueños, del predio dominante,

representados por el Sr. José D. Riera, efectuaron edificaciones, tales como un tanque metálico, y una casa de máquinas de cemento, en el predio sirviente, que obstruyen el paso, hacen total ineficaz dicha servidumbre e impiden su ejercicio y disfrute para los demandantes, invadiendo con tales obras el sitio que expresa y señaladamente se designó para el establecimiento de la servidumbre modificada ya referida.

"Noveno: Que los anteriores dueños del predio dominante, por medio de sus representantes requirieron a la demandada para que no construyera y continuara construyendo, las referidas edificaciones, y que se abstuviera en cualquier forma de menoscabar la servidumbre de que eran propietarios, y que pertenece hoy a la corporación demandante, y que pesa sobre el inmueble de la demandada, y para que dejaran libre y expedito el paso por el predio sirviente para el ejercicio de la servidumbre modificada en el sitio y forma convenida, habiéndose negado a todo ello dicha demandada, persistiendo obstinadamente en continuar las obras emprendidas, las que están hoy prácticamente terminadas."

No se alega la obstrucción ni el impedimento en el disfrute completo de la servidumbre como fué constituída originalmente, ni la inscripción del subsiguiente contrato, ni el conocimiento real de éste. Según aparece de la faz de la demanda la demandada es una entidad extraña al nuevo convenio a menos que la mera instalación y la existencia visible de una "rana" en la vía de la American Railroad Company a cierta distancia desconocida del punto de intersección que se tuvo en cuenta en el primitivo contrato sea aviso suficiente de las estipulaciones contenidas en el subsiguiente contrato que no fué inscrito, según las cuales el propuesto desvío sería colocado, no por la colindancia este del predio sirviente como se disponía en la escritura inscrita, sino que recorrería la finca de la demandada por una línea que había de trasarse "unos metros hacia el oeste" de dicha colindancia este. La apelante no cita ninguna autoridad, y no conocemos ninguna que obligara a la demandada a observar o no tener en cuenta a su perjuicio la existencia de un desvío

o raña en la línea principal de una compañía de ferrocarriles que no es parte en el contrato en que se constituye la servidumbre, no estando comprendido dentro de ninguna de las fincas afectadas por tal servidumbre ninguna parte del derecho de paso del ferrocarril, como que indica no solamente el punto de partida de un ramal de vía que ha de construirse sobre el terreno de la demandada, sino también el arco a describir y por tanto mediante un cálculo matemático o verdadera medida, el sitio probable en el terreno de dicha nueva vía cuando se construya, siendo estas indicaciones contrarias a las cláusulas expresas del único convenio respecto a una servidumbre de que tuviera algún conocimiento la demandada.   La teoría de la demanda y de la presente apelación impondría a todos los compradores de una propiedad sujeta a una servidumbre inscrita la obligación de examinar la vía férrea en la inmediata vecindad con el fin de descubrir la existencia de desvíos que podrían o no ser usados como punto de partida para una vía que ha de colocarse sobre su terreno en un trayecto que no fuera el determinado en el documento inscrito en que se constituye una servidumbre, y de investigar el objeto e importancia de tal aparato al ser descubierto.   Si prevaleciera este criterio sobre el particular la adquisición de cualquier propiedad sujeta a una servidumbre inscrita que no está ya establecida sobre el terreno y en uso efectivo estaría llena de peligros, y la utilidad del registro de la propiedad como protección de compradores de buena fe de bienes inmuebles sufriría serios perjuicios.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.